UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE DRAKEFORD,

                    Plaintiff,

          v.                                          Docket No.: 07-CV-3490 (RMB)(DFE)

KEVIN ROLLINS and DELL, INC.

                    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW**
**<u>IN SUPPORT OF MOTION TO DISMISS</u>**

NIXON PEABODY LLP
Attorneys for Defendants
50 Jericho Quadrangle
Jericho, New York  11753
(516) 832-7500

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ i

STATEMENT OF FACTS .................................................................................... 2

THE STANDARD FOR A MOTION TO DISMISS ................................................. 3

ARGUMENT ........................................................................................................ 4

POINT I - NO FEDERAL QUESTION EXISTS TO CONFER  SUBJECT MATTER
JURISDICTION ................................................................................................... 4

    a.   Plaintiff's Only Potentially Viable Claim – for State Law Breach of Contract –
        Does Not Present a Federal Question. ...............................................................5

    b.   Plaintiff Does Not Plead a Cognizable Constitutional Claim. ...........................7

    c.   Plaintiff's Allegations of Constitutional Violations Do Not Apply to These Private
        Defendants. .......................................................................................................9

    d.   18 U.S.C. § 1001 Does Not Provide a Private Right of Action. .........................9

    e.   Federal Communications Act Does Not Provide a Private Right of Action....................10

    f.   No Federal Question has been presented. .........................................................12

POINT II - PLAINTIFF CANNOT SATISFY THE  STATUTORY JURISDICTIONAL
AMOUNT ............................................................................................................ 13

    a.   Ms. Drakeford's Damages are Limited to the Value of the Equipment and
        Contract at Issue.............................................................................................14

    b.   Plaintiff's Calculation of Damages Are Unsupportable and Unreasonable....................17

POINT II - AT A MINIMUM, THE CLAIMS AGAINST DEFENDANT KEVIN
ROLLINS MUST BE DISMISSED ....................................................................... 18

CONCLUSION.................................................................................................... 20

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Albradco, Inc. v. Bevona*, 982 F.2d 82......................................................................................4

*Anderson v. Bowen*, 881 F.2d 1 ........................................................................................3, 7

*Bell v. Hood*, 327 U.S. 678 ......................................................................................................5

*Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296 .......................................4

*Christ Gatzonis Electric Contractor, Inc. v. New York City Sch. Construction Authority*, 23 F.3d 636.......................................................................................................................................3

*Empire Healthchoice Assur., Inc. v. McVeigh*, 396 F.3d 136 (S.D.N.Y. 2005), aff'd 126 S. Ct. 2121.......................................................................................................................5, 7, 8

*Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1 ......................................................................................................................................4

*Galland v. Margules*, 2005 U.S.Dist. LEXIS 17125 .....................................................9

*Gilman v. BHC Securities, Inc.*, 104 F.3d 1418 (2d Cir. 1997), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178.........................................................................................13

*Gordon v. National Broadcasting Co.*, 287 F. Supp. 452.......................................11, 12

*Hertz Corp. v. New York City*, 1 F.3d 121 (2d Cir. 1993), cert. denied,............................3

*Hughes v. Rowe*, 449 U.S. 5..................................................................................................3

*Lomaglio Associates, Inc. v. LBK Marketing Corp.*, 892 F. Supp. 89...........................3

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 .........................................4

*Nelson v. Leighton*, 82 F. Supp. 661 ................................................................................11

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574..............................................................4

*Scherer v. Equitable Life Assur. Society of the United States*, 347 F.3d 394 .................13

*Scheuer v. Rhodes*, 416 U.S. 232 ........................................................................................3

*Scripps-Howard Radio Corp. v. FCC*, 316 U.S. 4..........................................................11

*Shah v. New York State Department of Civil Serv.*, 1996 U.S. Dist. LEXIS 392...........10

*United Food & Commercial Workers Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298 ...................................................................................................................................13

*United States v. Richard Dattner Architects*, 972 F. Supp. 738 .................................................10

*Vasile v. Dean Witter Reynolds*, 20 F. Supp.2d 465 .................................................................10

*Village of Millbrook v. Forrest*, 903 F. Supp. 599..................................................................... 3

*Williams v. McCausland*, 791 F. Supp. 992................................................................................10

*Wynn v. AC Rochester*, 273 F.3d 153, ...................................................................................... 4

*Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209 ........................................................3, 18

*Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209 ...........................................................18

## STATE CASES

*Bellefonte Underwriters Insurance Co. v. Brown*, 704 S.W.2d 742..........................................16

*Boorhem-Fields, Inc. v. Burlington N. R.R.*, 884 S.W.2d 530...................................................16

*Ganda, Inc. v. All Plastics Molding, Inc.*, 521 S.W.2d 940.......................................................16

*C & C Partners v. Sun Exploration & Prod. Co.*, 783 S.W.2d 707 ...........................................16

*Noble Thread Corp. v. Vormittag Associates*, 305 A.D.2d 386, 758 N.Y.S.2d 509 ...................16

*Perma Pave Contracting Corp., Inc. v. Paerdegat Boat & Racquet Club*, 156 A.D.2d 550, 549 N.Y.S.2d 57.................................................................................................................................18

*Smith v. Fitzsimmons*, 180 A.D.2d 177, 584 N.Y.S.2d 692.......................................................18

*T.M. Mooney & Associates v. 802 Stanford*, 1985 Tex.App. LEXIS 11766 ...............................16

*Terminal Central v. Henry Modell & Co.*, 212 A.D.2d 213, 628 N.Y.S.2d 56 ...........................16

*Valley Nissan, Inc. v. Davila*, 133 S.W.3d 702........................................................................16

## DOCKETED CASES

*Josephine Drakeford v. Dell, Inc.*, Civil Action No. 06 CV 14396................................................ 2

## FEDERAL STATUTES

47 U.S.C. § 151................................................................................................................................11

47 U.S.C. § 202............................................................................................................................10, 11

18 U.S.C. § 1001 ...................................................................................................9, 10, 22

28 U.S.C. § 1331 ...............................................................................................................4

28 U.S.C. § 1332 .........................................................................................................4, 13

28 U.S.C. 1915(e) .........................................................................................................1, 2

FED. R. CIV. P. 12(b) .................................................................................................1, 20

FED. R. CIV. P. 12(h) .............................................................................................1, 2, 4

FED. R. CIV. P. 8(a) ........................................................................................................4

## PRELIMINARY STATEMENT

This Memorandum of Law, together with the declaration of Bryan F. Lewis, Esq. ("Lewis Dec."), the affidavit of Ange Kogutz ("Kogutz Aff."), and the exhibits attached thereto, is submitted on behalf of defendants Dell Inc. and its former CEO, Kevin Rollins (collectively "Dell") in support of Dell's motion to dismiss plaintiff pro se Josephine Drakeford's ("Plaintiff') complaint pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6), and 12(h)(3).

This is Ms. Drakeford's second attempt to commence a federal action against Dell Inc. and Mr. Rollins for the same computer equipment and alleged conduct. The first was dismissed by Judge Kimba M. Wood on December 13, 2006 for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) and 28 U.S.C. 1915(e)(2). See Josephine Drakeford v. Dell , Inc., Civil Action No. 06 CV 14396 (KMW)(KNF). In a transparent effort to circumvent Judge Wood's decision and the jurisdictional thresholds restricting entry to this Court, Ms. Drakeford has revised her claim for damages, increasing it from $60,000.00 to an unsupportable $347,000.00.

As before, Ms. Drakeford's claims and damages calculations are without basis and this action should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Reduced to its essence, Ms. Drakeford alleges that Dell breached an agreement between the parties stemming from her purchase of a computer and service contract for the total price of $1,137.78. From this single allegation, Ms. Drakeford attempts to satisfy the jurisdictional predicate by inventing new constitutional rights and broadening existing ones beyond reason, asserting causes of action based upon federal statutes that do not provide rights to private litigants, and inflating the amount of her alleged damages well beyond the purchase price of her PC. As discussed below, to the extent Plaintiff has any claim against Dell at all, it is based exclusively in state contract law. No federal question whatsoever is implicated, and Plaintiff's

damages are, to a legal certainty, limited to the amount plaintiff remitted to Dell for her purchase. As a result, this action must be dismissed against Dell and Kevin Rollins.

**STATEMENT OF FACTS**

Dell is a Delaware corporation based in Round Rock, Texas that manufactures and sells computers and associated products and services. Kogutz Aff. ¶ 1. The sole relationship between Dell and Ms. Drakeford is contractual in nature, and stems from Ms. Drakeford's purchase of computer equipment in May of 2003 for $988.77 and an extended service contract in January of 2004 for $149.00. Complaint at ¶¶ SECOND, FOURTH, FIFTH, ELEVENTH, FOURTEENTH, TWENTY-SIXTH, TWENTY-EIGHTH; Kogutz Aff. ¶¶ 4-7. These purchases total $1,137.78. Kogutz Aff. ¶ 6. Notably, Ms. Drakeford does not allege that she has ever met, spoken to, or corresponded with Dell's former CEO, defendant Kevin Rollins, nor does she allege that Mr. Rollins had any role, whatsoever, in her computer purchase or subsequent interactions with Dell.

Procedurally, the Complaint was filed on May 2, 2007 and served on Dell on or about July 20, 2007. As noted above, this is not Ms. Drakeford's first attempt to sue Dell regarding the computer equipment at issue in this case. Specifically, Ms. Drakeford filed a prior Complaint against Dell in the Southern District of New York concerning the same alleged conduct, equipment purchase, and contracts as are at issue in the instant matter. See Josephine Drakeford v. Dell, Inc., Civil Action No. 06 CV 14396 (KMW)(KNF). The only notable difference between the prior Complaint and the allegations in the instant matter is Ms. Drakeford's demand; she previously sought just $60,000.00 in damages, and now seeks in excess of $347,000.00, all for the same alleged conduct. That action was dismissed by Judge Kimba M. Wood on December 13, 2006 for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3) and 28 U.S.C. 1915(e)(2).

## THE STANDARD FOR A MOTION TO DISMISS

In deciding a motion to dismiss under Rule 12(b), courts must view the complaint in the light most favorable to the plaintiff and accept all allegations contained therein as true. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 214-15 (S.D.N.Y. 1997). All reasonable inferences must be afforded to the plaintiff, and the complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts to support its claims and entitle it to relief. Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth., 23 F.3d 636,639 (2d Cir. 1994). In ruling on a motion, the Court may consider documents incorporated by reference into the complaint. Lomaglio Assocs., Inc. v. LBK Mktg Corp., 892 F. Supp. 89, 92 (S.D.N.Y. 1995); see also Hertz Corp. v. New York City, 1 F.3d 121, 124 (2d Cir. 1993), cert. denied, (1994).

With regard to complaints filed by pro se plaintiffs, federal courts apply "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). When, however, claims asserted by pro se plaintiffs are deemed "so attenuated and unsubstantial as to be absolutely devoid of merit, obviously frivolous, plainly unsubstantial, or no longer open to discussion," federal courts may dismiss them. Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989); see also Village of Millbrook v. Forrest, 903 F. Supp. 599 (S.D.N.Y. 1995) (dismissing pro se action where, even upon a "close and sympathetic reading" of the complaint, it "reveal[ed] no basis for the exercise of subject matter jurisdiction over the underlying suit"). As detailed below, Ms. Drakeford has failed to meet even this lower pleading standard.

**ARGUMENT**

**POINT I**

**NO FEDERAL QUESTION EXISTS TO CONFER
SUBJECT MATTER JURISDICTION**

As this Court is well aware, the subject matter jurisdiction of the federal district courts is

limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal

jurisdiction is available only when a "federal question" is presented or when plaintiff and

Defendant are of diverse citizenship and the amount in controversy exceeds the sum or value of

$75,000.00.  See 28 U.S.C. §§ 1331, 1332; Albradco, Inc. v. Bevona, 982 F.2d 82 (2d Cir 1992).

A party seeking relief in the federal courts much at least plead facts which bring the suit within

the court's subject matter jurisdiction, and the party seeking federal court jurisdiction bears the

burden of establishing that the court's jurisdictional requirements are satisfied.  See, Fed. R. Civ.

P. 8(a)(1); McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936).  Failure to plead

such facts warrants dismissal of the action, and the Court is empowered to do so *sua sponte*.

Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2007).  Federal courts

have long held that the presence or absence of federal-question jurisdiction is governed by the

"well-pleaded complaint rule", which provides that federal jurisdiction exists only when a

federal question is presented on the face of the plaintiff's properly pleaded complaint.  Franchise

Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 14

(1983); see also Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 304 (2d Cir. 2004).

Although plaintiff is generally the master of the complaint, "parties cannot confer subject matter

jurisdiction where the Constitution and Congress have not."  Wynn v. AC Rochester, 273 F.3d

153, (2d Cir 2001) (vacating the judgment of the District Court because it lacked subject matter jurisdiction over plaintiff's state law tort claims); see also Empire Healthchoice Assur., Inc. v. McVeigh, 396 F.3d 136, 140, 150 (S.D.N.Y. 2005) ("a plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists"), aff'd 126 S. Ct. 2121  (2006); Bell v. Hood, 327 U.S. 678, 683 (1946) ("A suit may be . . . dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

     a.    **Plaintiff's Only Potentially Viable Claim – for State Law Breach of Contract – Does Not Present a Federal Question.**

Because the majority of the discussion that follows will center upon the claims that Ms. Drakeford fails to adequately plead, it is instructive to look first at the only potentially viable claim contained in Ms. Drakeford's Complaint – namely a common law breach of contract claim that arises under state law.

Plaintiff's Complaint attempts to recast this breach of contract claim in several different ways, in an obvious effort to state additional claims, including claims sounding in federal constitutional law, federal statutory law, and "strict tort."  The transaction at issue involves the sale of a computer and associated service contract by Dell to Ms. Drakeford for less than $1200.00.  Complaint at ¶¶ SECOND, FIFTH, ELEVENTH; Kogutz Aff. ¶ 6.  When stripped of hyperbole and Ms. Drakeford's tortured attempts to restate them as constitutional claims, all of the claims flow from two central allegations:  1) that Dell failed to provide plaintiff with a computer that was free from defects and worked appropriately, and 2) that Dell failed to provide plaintiff the level of service and technical support that was called for by the warranty and service contract purchased from Dell:

- Complaint ¶ SECOND:
  - "years of interference and refusal to honor service contracts by Dell."
  - "refus[al] to repair software damage in the computer; the inability to connect to the internet; the loss of the A drive in the computer and a pop-up 'Butter' which performs an abnormal program termination . . . in breach of a two-year service contract . . ."
  - Refusal to honor existing 2-year contract.

- Complaint ¶¶ FOURTH, SEVENTH, TENTH, THIRTEENTH, SIXTEENTH, NINETEENTH, TWENTY-SECOND, TWENTY-FIFTH, TWENTY-EIGHTH:
  - "Defective services and a failure to provide adequate service," failure to honor the terms of an existing service agreement;
  - Dell's provision of a defective product, e.g., "long delays in typing [plaintiff's] manuscripts,"[1] "damaged" or "inoperable A drive," inability to access the internet.

- Complaint ¶¶ FIFTH, ELEVENTH, SEVENTEENTH:
  - Failure to honor terms of service contract or provide adequate service.

- Complaint ¶ FOURTEENTH:
  - "Dell has consistently breached every contract made with plaintiff".

- Complaint ¶¶ TWENTIETH, TWENTY-THIRD:
  - Defective product, i.e., "Symantec pop-up" or "Butter pop-up" that interfered with plaintiff's ability to type on computer.

The balance of the Complaint consists of Ms. Drakeford's claims for damages that allegedly flow from these two central allegations, e.g., loss of use of the computer, loss of internet access, time spent troubleshooting or traveling to the library, lost earnings, etc. These claims are grounded exclusively in state contract law,[2] and do not implicate any federal statutes or common law whatsoever. Moreover, Ms. Drakeford makes no allegations of Dell's

---

[1] Central to Ms. Drakeford's damages calculation is her claim that lost $50,000.00 as a result of her inability to "produce manuscripts" for a purported book deal. In support, Ms. Drakeford attaches to the Complaint a form letter from a publishing house (not even addressed to Ms. Drakeford) soliciting manuscripts for review. Such claims are beyond speculative, particularly for someone who has never before authored a published work.

[2] The applicable terms and conditions of sale, warranty, and service contracts all specify that Texas law applies. See Exhibits D, E, and F to Kogutz Aff. As the analysis of these fundamental federal question issues is the same regardless of whether Texas or New York law applies, we do not address choice of law issues here.

purportedly tortious conduct separate and apart from the alleged contractual breaches.[3]  Where allegations in a complaint filed in federal court are "nothing more than a state court claim recloaked in constitutional garb," dismissal is warranted because such claims do not present a federal question.  Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).  Furthermore, actions for breach of contract which arise from state law must be dismissed for lack of subject matter jurisdiction if they fail to allege a federal question or satisfy the diversity and amount in controversy requirements.  Empire Healthchoice Assur., Inc. v. McVeigh, 396 F.3d 136, 140, 150 (S.D.N.Y. 2005) (dismissing action for want of subject matter because jurisdiction because plaintiff's "claims are breach-of-contract claims arising under state law"), aff'd 126 S. Ct. 2121 (2006).

As a result, plaintiff cannot maintain this action because there is no viable federal question presented, and as demonstrated below at Point II, plaintiff cannot meet the jurisdictional requirements for her breach of contract claim either.

### b.    Plaintiff Does Not Plead a Cognizable Constitutional Claim.

The manner in which Ms. Drakeford has pleaded her claims puts Dell in the somewhat awkward position of proving a negative, i.e., that the varied allegations, no matter how they are stated or in what combination they are analyzed, fail to state any cognizable federal question. Nowhere is this more evident than with regard to Ms. Drakeford's attempts to frame her breach of contract allegations as constitutional questions.

Plaintiff's Complaint is littered with allegations of "Constitutional violations" that have never been recognized by any court of law.  To the extent they can be reconstructed into coherent

---

[3]    After each of the above-referenced allegations of Dell's contractual breach, Ms. Drakeford summarily declares that the conduct also constitutes a "strict tort."  See Complaint ¶¶ THIRD, SIXTH, NINTH, TWELFTH, FIFTEENTH, EIGHTEENTH, TWENTY-FIRST, TWENTY-FOURTH, TWENTY-SEVENTH.

theories, Dell can find no basis in law to support the numerous "constitutional rights" that are
alleged to have been violated by Dell. Stated simply, the following novel "Constitutional
violations" pleaded by plaintiff are without any basis in law and do not exist as viable claims:

- 14th amendment right to access the internet (Complaint ¶¶ FOURTH and
  TWENTY-EIGHTH);

- 14th amendment right to be free from alleged "defective [computer support]
  services" (Id.);

- 14th amendment right to "adequate [computer support] service" (Id.);

- 4th Amendment right to work continuously on a computer (Complaint ¶¶
  FOURTEENTH and TWENTY-EIGHTH);

- 4th Amendment right to be free from "Butter" pop ups (Id.);[4]

- 4th Amendment right to be free from the "blackening" of a computer screen
  (Id.);

- 4th Amendment right to be free from "los[ing] books and other business
  documents because of the interference and damage defendants have cause
  [sic] to her [plaintiff's] computer." (Id.); and

- General constitutional right to have daily connection to internet service
  (Complaint ¶¶ TENTH, THIRTEENTH, SIXTEENTH, NINETEENTH,
  TWENTY-SECOND, TWENTY-FIFTH and TWENTY-EIGHTH).[5]

Quite simply, none of the claims referenced by plaintiff in the Complaint have any basis
in law, and even the most expansive reading of this pleading cannot reconstruct Plaintiff's
allegations into cognizable constitutional claims. Each of the alleged "Constitutional violations"
are nothing more than allegations of a defective computer, of defective support services, or of the

---

[4]    Dell counsel has searched the internet, without success, for any reference to "butter" as defined by plaintiff.
       For the purposes of this motion, however, we accept her definition of the term as a "pop-up" or "abnormal
       termination" as true.

[5]    It is worth noting that Dell is a computer manufacturer, not an internet service provider ("ISP"). To the extent
       Ms. Drakeford has difficulty accessing the internet, she would be better served by calling her ISP or the
       manufacturer of her browser or operating system.

consequential damages flowing from either of those two alleged contractual breaches (loss of internet services, loss of "continuous use," loss of data, etc.). None are viable claims, and none present a federal question sufficient to confer subject matter jurisdiction on this Court.

      **c.**      **Plaintiff's Allegations of Constitutional Violations Do Not Apply to These Private Defendants.**

Even assuming that Ms. Drakeford's allegations were deemed to state cognizable Constitutional claims, none of them would be viable against these non-governmental defendants. "The United States Constitution regulates only the Government, <u>not</u> private parties". <u>Galland v. Margules</u>, 2005 U.S. Dist. LEXIS 17125, at *6 (S.D.N.Y. Aug. 17, 2005). Here, no construction of facts, no matter how creative, could possibly demonstrate that Dell, a private Texas-based computer manufacturer, or Mr. Rollins, its former CEO, are governmental entities. In fact, the only way a plaintiff can successfully assert viable constitutional claims against a private entity is by first establishing that the entity's conduct constitutes "state action". <u>Id</u>. Such private conduct can only be fairly attributed to the state if there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself. <u>Id</u>.

Plaintiff has not offered any allegations and cannot present any set of facts to demonstrate that Dell is a "state actor". The transaction at issue involves a contract between two private parties and does not involve any governmental entity or agency whatsoever. As a result, Ms. Drakeford's "Constitutional" claims are not viable, do not present a federal question, and dismissal is warranted.

      **d.**      **18 U.S.C. § 1001 Does Not Provide a Private Right of Action.**

In the Complaint, Ms. Drakeford states that:

> Pursuant to Sec. 1001 USCA, plaintiff seeks relief from this
> campaign of fraud, falsification, deceit, scheming to defraud,

> harassment and breach of contract.  Defendants violated plaintiff's
> right to be free of defrauding, harassment and preferential
> treatment.

Complaint ¶ TWENTY-SIXTH.  Though it is by no means clear from the pleading, Dell surmises that Ms. Drakeford is attempting to invoke 18 U.S.C. § 1001 (2007), which governs fraudulent and false statements.  This is misguided.

It is well settled that 18 U.S.C. § 1001 "[is] a criminal statute providing in relevant part that one within the jurisdiction of any department or agency of the United States who makes false or fraudulent statements shall be fined or imprisoned.  No private right of action is provided under this statute."  Williams v. McCausland, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992); Shah v. New York State Dep't of Civil Serv., 1996 U.S. Dist. LEXIS 392, at *21 (S.D.N.Y. Jan. 17, 1996) ("plaintiff is not entitled to relief under 18 U.S.C. § 1001 because there is no private right of action under this federal criminal statute"); Vasile v. Dean Witter Reynolds, 20 F. Supp. 2d 465, 478 (E.D.N.Y. 1998) ("there is no private right of action under this federal criminal statute [18 U.S.C. § 1001]"); United States v. Richard Dattner Architects, 972 F. Supp. 738, 744 (E.D.N.Y. 1997) ("there is little question that [a private citizen] has no private right of action [18 U.S.C. § 1001]").

In the instant matter, Ms. Drakeford, a private citizen, may not maintain a private right of action under 18 U.S.C. § 1001 against Dell or Mr. Rollins.[6]  This is not a viable claim, does not present a federal question, and must be dismissed.

### e.    Federal Communications Act Does Not Provide a Private Right of Action.

In the Complaint, Ms. Drakeford alleges that:

---

[6]    It is worth noting that even if 18 U.S.C. § 1001 did apply, Ms. Drakeford fails to identify a single false or fraudulent statement by defendants.

> USCA, Sec. 202 well describes the activities of defendants "(a)
> Charges, services, etc. It shall be unlawful for any common carrier
> to make any unjust or unreasonable discrimination in charges,
> practices, classifications, regulations, facilities, or services for or in
> connection with like communication service, directly or indirectly,
> by any means or device, or to make or give any undue or
> unreasonable preference or advantage to any particular person,
> class of persons, or locality, or to subject any particular person,
> class of persons, or locality to any undue or unreasonable prejudice
> or disadvantage."

Complaint ¶ TWENTY-SIXTH.  Though it is by no means clear from the pleading, Dell surmises that Ms. Drakeford is attempting to invoke 47 U.S.C. § 202, which is popularly known as the Communications Act of 1934.  Once again, she is woefully misguided.

The Communications Act of 1934 has nothing whatsoever to do with the issues or subject matter of this litigation; it is the legislation that created the Federal Communications Commission and still serves as the basis off American television and broadcasting policy. Further, it has been long settled that "[t]he Communications Act of 1934 did not create new private rights.  The purpose of the Act was to protect the public interest in communications." Scripps-Howard Radio Corp. v. FCC, 316 U.S. 4, 14 (1942).  As succinctly stated by this Court, "[a]t all events, the Federal Communications Act does not afford persons in the position of the plaintiff a private right of action based upon alleged violations of its provisions."  Gordon v. National Broadcasting Co., 287 F. Supp. 452, 455 (S.D.N.Y. 1968) (dismissing private plaintiff's complaint as "fatally defective" because "[t]he [Federal Communications] Commission is the proper forum before which to institute proceedings" concerning alleged violations of the [Federal] Communications Act); see also Nelson v. Leighton, 82 F. Supp. 661, 664 (1949 N.D.N.Y.).  Congress assigned enforcement of the Federal Communications Act exclusively to the Federal Communications Commission.  47 U.S.C. § 151 (2007); see also Nelson v. Leighton, 82 F. Supp. 661, 664 (1949 N.D.N.Y.) ("The Commission is the proper forum to institute and

prosecute proceedings concerning alleged violations of the Act"), <u>citing</u> 47 U.S.C.A. § 151.

Thus, the only function of the courts is to review or enforce orders of the Commission and not

private litigants. <u>Gordon v. National Broadcasting Co.</u>, 287 F. Supp. 452, 455 (S.D.N.Y. 1968).

Needless to say, the Communications Act of 1934 bears no relevance whatsoever to the

facts as pleaded by Ms. Drakeford. Ms. Drakeford's claims under the Communications Act of

1934 necessarily fail because it is wholly inapposite to this action and provides her with no right

to enforce any provision of that Act. As such, no federal questions exists, and the claim should

be dismissed.[7]

      **f.**     **<u>No Federal Question has been presented.</u>**

In sum, none of the Constitutional provisions or federal statutes invoked by Ms.

Drakeford present a federal question to this Court. Ms. Drakeford's central allegations support

little more than a state law breach of contract claim which, as detailed below, cannot itself confer

subject matter jurisdiction upon this Court because it fails to meet the jurisdictional damages

threshold. Ms. Drakeford's attempts to recast these contractual allegations as constitutional

claims fail because they are without any legal basis, are unsupported by even the broadest

reading of constitutional law, and defendants are not state actors. Plaintiff's efforts to invoke

other federal statutes similarly fail because they do not provide a private citizen with a right to

recovery. Consequently, even after applying the most liberal of standards to this <u>pro se</u>

complaint, this Court lacks subject matter jurisdiction over the asserted claims and dismissal is

appropriate.

---

[7]    It is important to note that Ms. Drakeford alleged that Dell violated the Communications Act of 1934 in the first action as well, and Judge Wood ruled that "Plaintiff has failed to allege facts demonstrating that her claims arise under the Court's federal question subject matter jurisdiction . . . such claims are dismissed." <u>See</u> Order p. 2, Exhibit C to Lewis Aff.

**POINT II**

**PLAINTIFF CANNOT SATISFY THE
STATUTORY JURISDICTIONAL AMOUNT**

In the absence of a federal question, 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332 (2007).  The Second Circuit has held that the "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a ***reasonable probability*** that the claim is in excess of the statutory jurisdictional amount."  United Food & Commercial Workers Union v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (emphasis added).  In order to satisfy the "reasonable probability" standard, a party must offer "competent proof to demonstrate, by a preponderance of the evidence, that the complaint asserts claims in excess of $75,000."  Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1421 (2d Cir. 1997), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, (1936); see also United Food, 30 F.3d at 305.  If this burden is satisfied, the burden shifts to the party opposing jurisdiction who must demonstrate, to a "legal certainty", the claim is actually for an amount less than $75,000.  Scherer v. Equitable Life Assur. Soc'y of the United States, 347 F.3d 394, 397 (2d Cir. 2003).

Here, while diversity of citizenship exists between the parties, no reading of the Complaint will permit Ms. Drakeford to establish by a reasonable probability that her claims exceed $75,000.00 because 1) Ms. Drakeford's damages are capped by the express contractual terms that govern her relationship with Dell, and 2) Ms. Drakeford's damages calculations are patently illogical, unsupportable, and without basis in law or fact.

a.    <u>Ms. Drakeford's Damages are Limited to the Value of the Equipment and Contract at Issue.</u>

The relationship between Dell Inc. and Ms. Drakeford is contractual in nature.  <u>See</u>, <u>e.g.</u>, Complaint at ¶¶ SECOND, FOURTH, FIFTH, ELEVENTH, FOURTEENTH, TWENTY-SIXTH, TWENTY-EIGHTH.  This relationship was created when Ms. Drakeford purchased computer equipment in May of 2003 for $988.77 and an extended service contract in January of 2004 for $149.00.  Complaint at ¶¶ SECOND, FIFTH, ELEVENTH; Kogutz Aff. ¶¶ 4-5.  These purchases total $1,137.78.  Kogutz Aff. ¶ 6.

Like all consumer transactions at Dell, Ms. Drakeford's computer purchase is subject to express contractual provisions detailed in Dell's "Terms and Conditions of Sale" document. Kogutz Aff. ¶ 8.  In it, Dell's liability to Ms. Drakeford is expressly limited to "THE AGGREGATE DOLLAR AMOUNT PAID BY CUSTOMER FOR THE PURCHASE OF THE PRODUCTS OR SERVICES."  Exhibit D to Kogutz Aff. at ¶ 12.  Further, the Terms and Conditions of Sale expressly provide that:

> DELL DOES NOT ACCEPT LIABILITY BEYOND THE
> REMEDIES SET FORTH HEREIN, INCLUDING LIABILITY
> FOR PRODUCTS NOT BEING AVAILABLE FOR USE OR
> FOR LOST OR CORRUPTED DATE OR SOFTWARE, OR THE
> PROVISION OF SERVICES AND SUPPORT. DELL WILL
> NOT BE LIABLE FOR LOST PROFITS LOSS OF BUSINESS
> OR OTHER CONSEQUENTIAL, SPECIAL, INDIRECT, OR
> PUNITIVE DAMAGES . . . CUSTOMER AGREES THAT . . .
> DELL IS NOT LIABLE OR RESPONSIBLE FOR ANY
> AMOUNT OF DAMAGES ABOVE THE AGGREGATE
> DOLLAR AMOUNT PAID BY CUSTOMER FOR THE
> PURCHASE OF THE PRODUCTS OR SERVICES UNDER
> THIS AGREEMENT.

<u>Id.</u>

Ms. Drakeford's purchase is also subject to the terms of the "Dell Limited Warranty." Exhibit E to Kogutz. Aff.  Like the Terms and Conditions of Sale, the applicable Warranty

expressly limits Dell's potential liability to "NO MORE THAN THE AMOUNT YOU

[CUSTOMER] PAID FOR THE PRODUCT THAT IS THE SUBJECT OF A CLAIM." Id. at

pp. 2-3, 5-6.

     As to Ms. Drakeford's allegations of deficient technical support, those claims are subject

to the express terms and conditions of her Service Contract with third-party Banc Tec, Inc. – not

Dell or Mr. Rollins.  Exhibit F to Kogutz Aff.  The terms of the service contract expressly

provide that Ms. Drakeford's:

> EXCLUSIVE REMEDY AND BANCTEC'S ENTIRE
> COLLECTIVE LIABILITY IN CONTRACT, TORT OR
> OTHERWISE UNDER THIS AGREEMENT IS THE REPAIR
> OF THE DEFECTIVE SYSTEM OR COMPONENTS IN
> ACCORDANCE WITH THIS AGREEMENT. IF BANCTEC IS
> UNABLE TO MAKE SUCH REPAIR, YOUR EXCLUSIVE
> REMEDY AND BANCTEC'S ENTIRE LIABILITY WILL BE
> THE PAYMENT OF THE ACTUAL DAMAGES NOT TO
> EXCEED THE CHARGE PAID BY YOU. . .  UNDER NO
> CIRCUMSTANCES WILL BANCTEC BE LIABLE TO YOU . . .
> FOR ANY DAMAGES, INCLUDING, WITHOUT
> LIMITATION, ANY INDIRECT, INCIDENTAL, SPECIAL OR
> CONSEQUENTIAL DAMAGES, EXPENSES, COSTS,
> PROFITS, LOST SAVINGS OR EARNINGS, LOST OR
> CORRUPTED DATA OR OTHER LIABILITY ARISING OUT
> OR RELATED TO THIS AGREEMENT.

Id. at p. 5.

     Thus the Terms and Conditions of Sale and Warranty that govern Ms. Drakeford's

computer equipment purchase, and the Service Contract that outlines Ms. Drakeford's rights to

technical support, Dell's (and BankTec's) liability is expressly limited to the purchase price of

the computer equipment and service contract, which total $1,137.78.  Kogutz Aff. ¶ 6.  This is

consistent with well-established principals of contract law.  Under Texas law, the proper measure

of recovery in a breach of contract claim is actual damages.  Actual damages consist of "the loss

that has actually been sustained…[that] the injured party would have to expend to make himself

whole." <u>Valley Nissan, Inc. v. Davila</u>, 133 S.W.3d 702, 714 (Tex. App. 2003) (holding proper measure of damages was plaintiff's purchase price for automobile at issue).

Further, these contracts expressly bar Ms. Drakeford's recovery for any damages beyond the purchase price, including consequential damages, lost data, lost earnings, lost profits, etc., categories of damages that constitute nearly all of Ms. Drakeford's $347,000.00 demand. Contractual provisions limiting a party's liability to actual damages and barring recovery of consequential damages are the norm in the context of consumer purchases such as these, and have been consistently held valid and enforceable. <u>See</u>, <u>e.g.</u>, <u>Ganda, Inc. v. All Plastics Molding, Inc.</u>, 521 S.W.2d 940 (Tex. App. 1975) (upholding limitation clause barring recovery of consequential damages and noting that Section 2.719 of the Texas Business and Commerce Code expressly provides "(c) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable.").[8]

Accordingly, the express terms of Ms. Drakeford's contractual relationship with Dell <u>prohibit</u> her recovery of anything more than the purchase price of $1,137.78 <u>as a matter of law.</u>[9]

---

[8]    The Terms and Conditions of Sale specify that Texas law applies to Ms. Drakeford's purchases, but the analysis is equally true under New York law. It is a fundamental principle of contract law that damages are limited to the value of the contract, <u>Terminal Cent. v. Henry Modell & Co.</u>, 212 A.D.2d 213, 218, 628 N.Y.S.2d 56, 59 (1st Dep't 1995), and provisions barring the recovery of consequential and indirect damages are similarly enforceable in New York. <u>Noble Thread Corp. v. Vormittag Assocs.</u>, 305 A.D.2d 386, 758 N.Y.S.2d 509 (2d Dep't 2003) (noting "limitation of liability" clauses barring recovery of consequential damages are generally enforceable, and specifically enforcing software company's clear and unambiguous clause).

[9]    In her letter to the Court of August 14, 2007, Ms. Drakeford also alleges that she purchased an additional 2-year service contract from Dell on March 10, 2005 for $259.00. Dell has since investigated this claim, and determined that the referenced service contract was in fact purchased by her son Quintin Drakeford, and not plaintiff. Kogutz Aff. ¶ 11. Nonetheless, assuming for the purposes of this motion that Ms. Drakeford could claim this purchase as her own, she still cannot meet the jurisdictional thresholds necessary for subject matter jurisdiction in this Court. Dell's records show that she has paid a grand total of $1346.35 to Dell for various products and services over the years. Kogutz Aff. ¶ 6. With the additional purchase of $259.00, her total is just $1605.35. Ms. Drakeford cannot bridge the gap between her alleged payments to Dell and $75,000.00 required to commence an action in this Court.

As such, Ms. Drakeford fails to meet the statutory jurisdictional minimum and the Court lacks

subject matter jurisdiction over this claims.[10]

        b.    **Plaintiff's Calculation of Damages Are Unsupportable and Unreasonable.**

       Ms. Drakeford employs tortured logic and unsubstantiated calculations to arrive at the

"damages" she avers in her Complaint.  As with her allegations of "Constitutional violations,"

Ms. Drakeford's pleading puts Dell in the awkward position of having to point out the

nonsensical allegations contained in Ms. Drakeford's Complaint and the absurdity of her

calculations.  Specifically, Plaintiff  calculates her alleged damages as follows:

    i.)  "$5,000 for each time she called [Dell] and was told 'Your [computer support services] contract has expired.'"  (Complaint at ¶¶ FIFTH, TENTH, THIRTEENTH, SIXTEENTH, NINETEENTH, TWENTY-FIFTH and TWENTY-EIGHTH).

    ii.)  "[F]or [Dell's] deliberate interference with her work, life and property in the sum of $50,000", for "defective [computer support] services", "failure to provide adequate service", and because "defendants have damaged the A drive, she is unable to perform other business functions that are on floppy discs."  (Complaint at ¶¶ SEVENTH, TENTH, THIRTEENTH, SIXTEENTH, NINETEENTH, TWENTY-FIFTH and TWENTY-EIGHTH).

    iii.)  "$500 for every day that her internet service has been disconnected." (Complaint at ¶¶ TENTH, THIRTEENTH, SIXTEENTH, NINETEENTH, TWENTY-FIFTH and TWENTY-EIGHTH).

    iv.)  "$500 for each day that her A Drive has been inoperative."  (Complaint at ¶¶ THIRTEENTH, SIXTEENTH, NINETEENTH, TWENTY-FIFTH and TWENTY-EIGHTH).

---

[10]    Though plaintiff does not expressly assert them, she is similarly barred from recovering punitive damages under these facts.  Punitive damages are not recoverable in an action for breach of contract.  Boorhem-Fields, Inc. v. Burlington N. R.R., 884 S.W.2d 530, 540 n.5 (Tex. App. 1994) (citing Bellefonte Underwriters Ins. Co. v. Brown, 704 S.W.2d 742 (Tex. 1986)).  This is true even where the breach is "capricious and motivated by malice."  T.M. Mooney & Assocs. v. 802 Stanford, 1985 Tex. App. LEXIS 11766, at *2 (Tex. App. June 27, 1985).  Punitive damages are only recoverable where there is a tort action that exists independent of, and is pled separately from, the breach of contract claim.  C & C Partners v. Sun Exploration & Prod. Co., 783 S.W.2d 707, 719-20 (Tex. App. 1989).  Without an independent tort claim, punitive damages for breach of contract are unavailable under Texas law.

v.) Plaintiff seeks total damages in the amount of $347,000.00. (Complaint at "WHERFORE" clause).

As before, there is simply no basis in law to support a calculation of damages in the amount and manner contained in the Complaint. No reasonable reading of the Complaint justifies Plaintiff's grossly inflated damages, or her calculation of damages based on an arbitrary "per incident" assessment. Her claims sound in breach of contract; her sole remedy is to recoup the purchase price of the equipment and service contract. For these reasons and those noted above, Ms. Drakeford has no reasonable basis for the damages claimed in her Complaint, and it accordingly fails to meet the statutory jurisdictional minimum for subject matter jurisdiction.[11]

As is readily apparent, Ms. Drakeford recommenced the same action that was dismissed by Judge Wood and has done nothing more than revise her damages number upwards and insert meritless claims under the Constitution and a smattering of inapplicable federal statutes. This is a blatant attempt to improperly gain entrance into this Court despite pleading the same cause of action with the same jurisdictional inadequacies as were asserted in the first action and dismissed. As such, dismissal is appropriate.

## POINT III

### AT A MINIMUM, THE CLAIMS AGAINST DEFENDANT KEVIN ROLLINS MUST BE DISMISSED

"It is well established that a plaintiff in a breach of contract action may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity." Yucyco, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 214-15 (S.D.N.Y. 1997); Perma Pave Contracting Corp., Inc. v. Paerdegat Boat & Racquet Club, 156 A.D.2d 550, 551, 549 N.Y.S.2d 57, 58 (2d Dep't 1989); Smith v. Fitzsimmons, 180 A.D.2d 177, 180, 584

---

[11]  Ms. Drakeford's damages calculations are rendered even more arbitrary and nonsensical when viewed in the context of Judge Kimba M. Wood dismissal of her first cause of action against Dell, a claim based on identical facts but for which Ms. Drakeford only asserted damages of $59,600.00. Exhibits B and C to Lewis Aff.

N.Y.S.2d 692, 695 (4th Dep't 1992) ("As a general rule, privity or its equivalent remains the predicate for imposing liability for nonperformance of contractual obligations").

Here, Ms. Drakeford names Kevin Rollins in his personal capacity as a defendant in this action, yet alleges no facts to support that she had any dealings with him at all. Plaintiff alleges that she had an agreement with Dell and that Dell failed to perform its obligations thereby resulting in an alleged breach of that agreement. Nowhere in the Complaint does Ms. Drakeford allege that Kevin Rollins was involved in any aspect of the alleged negotiation, formation, or breach of the contract that she claims to have had with Dell. As a result, in addition to the reasons cited in this Memorandum of Law, this action should be dismissed against Kevin Rollins for lack of privity of contract.

## <u>CONCLUSION</u>

For all the foregoing reasons, Dell Inc. and Kevin Rollins respectfully request that this Court dismiss this action in its entirety for lack of subject matter jurisdiction and failure to state a cause of action pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(6), and 12(h)(3).

Dated:  September 28, 2007                          Respectfully submitted,


                                                    _____/S/_____
                                                    Michael S. Cohen (MC-8371)

                                                    NIXON PEABODY LLP
                                                    300 Jericho Quadrangle, Suite 300
                                                    Jericho, NY  11753
                                                    (516) 832-7526
                                                    Fax: (877) 764-1933

                                                    *Attorneys for Defendant Dell Inc.*
                                                    *and Kevin Rollins*

Of Counsel:    Bryan F. Lewis (BL-5146)
               Daniel C. Gibbons (DG-2608)




TO:    Josephine Drakeford
       *Plaintiff Pro Se*
       55 E. 99th St. #8D
       New York, New York  10029