# EXHIBIT A

<u>Drakeford v. Dell Inc. and Kevin Rollins</u>
Docket No. 07-CV-3490 (RMB) (DFE)

JUL. 20. 2007  2:40PM    DELL                    NO. 312    P.  1

[Rev. 2/5/98] Summons in a Civil Action

# United States District Court

SOUTHERN _____ **DISTRICT OF** _____ NEW YORK

Josephine Drakeford

**SUMMONS IN A CIVIL CASE**

**v.**

**CASE NUMBER:**

Kevin Rollins
Dell, Inc.

# 07 CV 3490
# Judge Berman

**TO:** (Name and address of defendant)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

*Pro Se* Josephine Drakeford
55 East 99th Street, #8D
New York, New York 10029

An answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 0 2 2007.

CLERK _____

DATE _____

*Marcos Quintero*

(BY) DEPUTY CLERK

JUL. 20. 2007 1:24PM DELL

**07 CV  NO. 312  P. 2  3490**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Josephine Drakeford

(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)

v.

Kevin Rollins & Dell, Inc

(In the space above enter the full name(s) of the defendant(s)/respondent(s).)

**I.F.P. GRANTED.**
Leave to proceed in this Court
without payment of fees is
authorized.    28 U.S.C. S 1915.

So Ordered

MAY 0 1 2007
(Date)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chief Judge

**REQUEST TO PROCEED
IN FORMA PAUPERIS**

I, Josephine Drakeford , *(print or type your name)* am the plaintiff /petitioner
in the above entitled case and I hereby request to proceed *in forma pauperis* and without being
required to prepay fees or costs or give security. I state that because of my poverty I am unable to
pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to
redress.

1.    If you are presently employed:
      a) give the name and address of your employer
      b) state the amount of your earnings per month

      N/A

**RECEIVED
JAN 18 2007
PRO SE OFFICE**

2.    If you are NOT PRESENTLY EMPLOYED:
      a) state the date of start and termination of your last employment
      b) state your earnings per month
      **YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.**

      Retired in 2000 after beginning in 1991

3.    Have you received, within the past twelve months, any money from any source? If so, name
      the source and the amount of money you received.

      Social Security & N.Y.S. Pension

      a) Are you receiving any public benefits?          ☑ No.   ☐ Yes, $_____.

      b) Do you receive any income from any other source? ☑ No.   ☐ Yes, $_____.

4. Do you have any money, including any money in a checking or savings account? If so, how much?

MCU = $68.00 Washington Mutual $240 Wachovia $68

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

☐ No.    ☑ Yes, _Stocks $70_

6. List the person(s) that you pay money to support and the amount you pay each month.

N/A

7. Do you pay for (rent) or for a mortgage? If so, how much each month?

$ 330.00

8. State any special financial circumstances which the Court should consider.

I have an outstanding student Loan of almost $2,000.00. Also, I have credit card debts of almost $5,000.00.

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration. In addition, if I give a false answer I will be subject to the penalties for perjury.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __17th__ day of __January__, __2007__.
     date          month       year

Josephine Drakeford
signature

rev. 3/2006

2

JUL. 20. 2007  2:41PM    DELL                              NO. 312   P. 4

# Your New Benefit Amount

BENEFICIARY'S NAME: JOSEPHINE DRAKEFORD

Your Social Security benefits will increase by 3.3 percent in 2007, because of a rise in the cost of living. You can use this letter when you need proof of your benefit amount to receive food stamps, rent subsidies, energy assistance, bank loans, or for other business.

## How Much Will I Get And When?

- Your new monthly amount (before deductions) is $815.00
- The amount we are deducting for Medicare medical insurance is $0.00
  (If you did not have Medicare as of Nov. 15, 2006,
  or if someone else pays your premium, we show $0.00.)
- The amount we are deducting for your Medicare prescription drug plan is $0.00
  (If you did not elect withholding as of Nov. 1, 2006, we show $0.00.)
- The amount we are deducting for voluntary federal tax withholding is $0.00
  (If you did not elect voluntary federal tax withholding as of
  Nov. 15, 2006, we show $0.00.)
- After taking any other deductions, we will deposit $815.00
  into your bank account on Jan. 10, 2007.

If you disagree with any of these amounts, you should write to us within 60 days from the date you receive this letter.

## What If I Have Questions?

Visit our website at *www.socialsecurity.gov* for information about Social Security. Or, call 1-800-772-1213 and speak to a representative from 7 a.m. until 7 p.m. on business days. Recorded information and services are available 24 hours a day. Our lines are busiest early in the week and early in the month; it is best to call at other times. If you are deaf or hard of hearing, call our TTY number, 1-800-325-0778. If you are outside the United States, you can contact any U.S. embassy or consulate office, or the Veterans Affairs Regional Office in Manila. Have your Social Security claim number available when you call or visit and include it on any letter you send to Social Security. If you are inside the United States, you also can visit your local office.

345 EAST 102ND STREET
4TH FLOOR
NEW YORK NY

BNC#: 06B1261F87019

Over ➤

SOCIAL SECURITY ADMINISTRATION
NORTHEASTERN PROGRAM SERVICE CENTER
PO BOX 310120
JAMAICA NY 11431-0120
OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

PRESORTED
FIRST-CLASS MAIL
POSTAGE AND FEES PAID
SOCIAL SECURITY
ADMINISTRATION
PERMIT NO. G-11

Be sure to check out
our website: *www.socialsecurity.gov*

313138**********AUTO** 5-DIGIT 10029
JOSEPHINE DRAKEFORD
55 E 99 ST 8D
NEW YORK NY 10029-6015

JUL. 20. 2007 2:41PM Office of New York State Comptroller     NO. 312     P. 5

**Alan G. Hevesi**
New York State and Local Retirement System
Employees' Retirement System
Police and Fire Retirement System

110 State Street, Albany, New York 12244-0001
Phone: 1-866-805-0990 or 518-474-7736   Fax: 518-402-4433
E-mail: nyslrsinfo@osc.state.ny.us Web: www.osc.state.ny.us/retire

Mr. Josephine Drakeford
55 E 99th St Apt 8d
Ny NY 10029

September 2006
Office use:  000010105
Reg. No: 37418142
Ret. No: 0S6778070

## YOUR 2006 COLA INCREASE INFORMATION

Starting with your September 30, 2006 payment:

Your monthly COLA benefit will include an increase of $5.67.

Your gross monthly pension will increase from $332.71 to $338.38. (This does not reflect adjustments for taxes, health insurance, dues or any other amount that may be deducted from your monthly pension or for Medicare adjustments that may be added to your monthly pension.)

These figures are based on an annual cost-of-living increase of 1.7 percent.

If you have any questions, contact our Call Center toll-free at 1-866-805-0990, or 518-474-7736 if you live within the Albany, New York area.

JUL. 20. 2007  2:42PM    DELL                                          NO. 312    P. 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————— x

JOSEPHINE DRAKEFORD,

            Plaintiff,

    -   against –

KEVIN ROLLINS and DELL, INC.,

            Defendants.
————————————————————————— X

**Judge Berman**

**07   CV   3490**

COMPLAINT

JOSEPHINE DRAKEFORD, plaintiff pro se, residing at 55 East 99th Street, New

York, 10029 complaints of the defendants and alleges upon information and belief as

follows:

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

FIRST:  That at all times hereinafter mentioned, the defendants, KEVIN

ROLLINS, CEO and DELL, located at 1 Dell Way, Round Rock, TX 78682-0001

engages in interstate commerce through sales of computers.

SECOND:  An attempt was made by defendants to charge me for late fees

unlawfully on September 14, 2006, a charge of $42 extra. "John" from Dell called and

said my account was in collections because I had not paid them.  This harassment was the

climax of years of interference and refusal to honor service contracts by Dell (Exhibits I

and J).  Also, as of January 17, 2007 defendants have continued to refuse to repair the

software damage in the computer; the inability to connect to the internet, the loss of the A

drive in the computer and a pop-up "Butter" which performs an abnormal program



1

termination. This is in breach of a two-year service contract (#293396877 Exhibits A, Band K) purchased March 10, 2005. When plaintiff called defendants on June 27th, 2006 at approximately 3:10 p.m. she was told the contract expired in May 2006. They refused to acknowledge that this was a two-year contract which would not expire until March 10, 2007. 74 Am Jur 2d Sec. 32 Interference with property rights: "The law of torts is concerned with the duty to respect the property of others as in Hill v. City of Boston, 122 Mass. 344, 1877 WL 10155 (1877); Tuttle v. Buck, 107 Minn. 145, 119 N.W. 946 (1909) and a cause of action in tort may be predicated upon an unlawful interference with the enjoyment by another of his private property as illustrated in Manro v. Almeida, 23 U.S. 473, 6 L.Ed. 369 (1825); Hodges v. Pine product Co., 135 Ga. 134, 68 S.E. 1107 (1910.

THIRD: That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

FOURTH: That as a result of the aforesaid, the plaintiff suffers damages because of harassment, "your account is late and will be in collections" as well as from defective services and a failure to provide adequate service. Once a party to a contract has made a promise, that party must perform or respond in damages for its failure, even when unforeseen circumstances make performance burdensome was the ruling in Comprehensive Bldg. Contractors, Inc. v. Pollard Excavating, Inc., 674 N.Y.S. 2d 869, 251 A.D. 2d 95. Additionally, this breach of contract and interference with the property of plaintiff violates her constitutional rights. Amendment XIV to the U. S.Constitution, Sec. 1, speaks of the deprivation of the rights of a person, his life, liberty or property. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet and use her floppy discs at the public library. Plaintiff seeks recovery for this

2



been inoperative because she is unable to meet the demands of... to export

manuscripts to be presented with floppy discs (Exhibit H). Additionally plaintiff seeks

recovery in the amount of $5,000 for each time she called and was told "Your contract

has expired."

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

FIFTH: The plaintiff repeats and reiterates all the allegations contained in

paragraphs numbered "FIRST" through "FOURTH" inclusive, with the same force and

effect as though fully set forth at length herein. Plaintiff has always purchased service

contract with defendants and each time she would call she would be told "Your contract

has expired."(Exhibit G). At another time when plaintiff called for technical support a

male technician stated "that (the contract) was for the hardware." Plaintiff knew that the

hardware was still under guarantee and this was an absurdity. This technician, upon

being given the Contract Number, 293396877, said it would show up on the computer so

that when I would call they could see that the contract was still in force. This never

happened.

SIXTH: That by reason of the above-stated facts, the defendant, its agents,

servants and employees are liable to the plaintiff in strict tort.

SEVENTH: That as a result of the aforesaid, the plaintiff suffered damages

because of defective services and a failure to provide adequate service. Plaintiff suffers

from mental anguish because, as a writer, she is experiencing long delays in typing her

3

manuscripts (Exhibit H). Also, because defendants have damaged the A drive, she is unable to produce manuscripts from floppy discs as well as perform other business functions that are on floppy discs. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000.

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OTHE

PLAINTIFF, JOSEPHINE DRAKEFORD

EIGHTH:  The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SEVENTH" inclusive, with the same force and effect as though fully set forth at length herein.

NINTH:  That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

TENTH:  That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because, as a writer, she is experiencing long delays in typing her manuscripts (Exhibit H). Also, because defendants have damaged the A drive, she is unable to produce manuscripts from floppy discs as well as perform other business functions that are on floppy discs. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

4

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE
### PLAINTIFF, JOSEPHINE DRAKEFORD

**ELEVENTH:** The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TENTH" inclusive, with the same force and effect as though fully set forth at length herein. After the warranty period was over (computer was purchased in 2003), a service contract would be bought for technical support, and every service contract that plaintiff has ever purchased from Dell has been breached by them (C.J.S. #561). Plaintiff has always been told either "you need a service contract" or "your service contract has expired."

**TWELFTH:** That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

**THIRTEENTH:** That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because, as a writer, she is experiencing long delays in typing her manuscripts (Exhibit H). Also, because defendants have damaged the A drive, she is unable to produce manuscripts from floppy discs as well as perform other business functions that are on floppy discs. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE

### PLAINTIFF, JOSEPHINE DRAKEFORD

FOURTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "THIRTEENTH" inclusive, with the same force and effect as though fully set forth at length herein. As you can see from the additional exhibits, Dell has consistently breached every contract made with plaintiff (Exhibits C, D, E and F). The service contracts by Dell are nothing but fraudulent and false representations to induce consumers to hand over money and get no service. This is illustrated in the case of <u>Baldrige v. Hadley</u>, C.A. 10 (N.M.) 1974, F. 2d 859, certiorari denied 94 S.Ct. 2608, 417 U.S. 910, 41 L.Ed. 2d 214, rehearing denied 95 S. Ct. 159, 419 U.S. 886, 42 L.Ed. 2d 130: "Generally, fraud consists of some deceitful practice or willful device resorted to for purpose of inducing another, in reliance on it, to surrender money, property, or legal rights; it connotes perjury, falsification, concealment and misrepresentation." Also, in violation of constitutional rights, Amendment IV "The right of the people to be secure in their persons, houses, papers, and effects," the defendants have prevented plaintiff from working continuously on computer as "Butter" pops up (an abnormal termination of the program), or the screen blackens completely, some times for half an hour at a time. Plaintiff has lost books and other business documents because of the interference and damage defendants have caused to her computer.

FIFTEENTH: That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

SIXTEENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services, interference and a failure to provide adequate service.

6

Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet though the public library. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE

PLAINTIFF, JOSEPHINE DRAKEFORD

SEVENTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SIXTEENTH" inclusive, with the same force and effect as though fully set forth at length herein. On Monday, June 27th, 2006 a Dell representative, Aaron Hamlet, (1-800-624-9896 ext. 7242918) spent two hours on the phone trying to get me connected to the internet after Dell did not provide me with service for six months. On June 27, 2006, after calling him at 10:30 a.m. I did not hear from him until 6 p.m. This time was not convenient and plaintiff was mentally exhausted from disputing with other agents of defendants a few hours prior. It seems strange that a computer giant is unable and unwilling to provide computer service in less than an hour.

EIGHTEENTH: That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

NINETEENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services, interference and a failure to provide adequate service.

7

Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet though the public library. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

### AS AND FOR A SEVENTH CAUSE OF ACITON ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

**TWENTIETH:** The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "NINETEENTH" inclusive, with the same force and effect as though fully set forth at length herein. Plaintiff is suffering damages because of being physically and emotionally drained from calling Dell repeatedly and getting no results. By not being connected to the internet, plaintiff is harassed by a Symantec pop-up which slows down her typing. This pop-up would not exist at all if plaintiff had been connected to the internet.

**TWENTY-FIRST:** That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

**TWENTY-SECOND:** That as a result of the aforesaid, the plaintiff suffered damages because of defective services, interference and a failure to provide adequate service. Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet though the public library. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of

8

$50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-THIRD: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TWENTY-SECOND" inclusive, with the same force and effect as though fully set forth at length herein that because of the lack of internet service, the Symantec pop-up constantly slowed down her typing. Many times plaintiff faced deadlines and had to type continuously and this was extremely difficult with the computer malfunctioning. As plaintiff types, the pop-up appears and she has to stop and close it throughout the typing. This is a tremendous annoyance and an unnecessary interference.

TWENTY-FOURTH: That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

TWENTY-FIFTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services, interference and a failure to provide adequate service. Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet though the public library. Plaintiff seeks recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected. Also, an

9

additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE
### PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-SIXTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TWENTY-FIFTH" inclusive, with the same force and effect as though fully set forth at length herein. Pursuant to Sec. 1001 USCA, plaintiff seeks relief from this campaign of fraud, falsification, deceit, scheming to defraud, harassment and breach of contract. Defendants violated plaintiff's right to be free of defrauding, harassment and preferential treatment. USCA, Sec. 202 well describes the activities of defendants "(a) Charges, **services**, etc. It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage."

TWENTY-SEVENTH: That by reason of the above-stated facts, the defendants, their agents, servants and employees are liable to the plaintiff in strict tort.

TWENTY-EIGHTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services, interference and a failure to provide adequate service. Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet though the public library. Plaintiff seeks

recovery for this deliberate interference with her work, life and property in the sum of $50,000. Plaintiff also seeks recovery for this violation of her constitutional rights in the sum of $500 for every day that her internet service has been disconnected.  Also, an additional $500 for each day that her A drive has been inoperative and an additional $5,000 for each time she called and was told "Your contract has expired."

The United States District Court has jurisdiction because of the violation of federal laws, and because defendants engage in interstate commerce.  15A Am Jur 2d Sec. 7 What Law governs "Interstate commerce is controlled by the applicable acts of Congress governing the rights of the parties to such transactions, Atlantic Cleaners & Dyers v. U.S., 286 U.S. 427, 52 S. Ct. 607, 76 L. Ed 1204 (1932).

"What constitutes interstate commerce is a federal question controlled by decisions of the United States Supreme Court, Milton S. Kronheim & Co., Inc. v. District of Columbia, 91 F. 3d 193 (D.C. Cir. 1996).  Also, in New York, it is the duty of courts to decide the applicable law in cases involving contracts, Weinreich v. Sandhaus, 850 F. Supp. 1169, opinion amended 156 F.R.D. 60:  "Interest analysis is normally applied by New York courts to choice of law issues concerning contract disputes."

17 Am. Jur 2d Sec. 591 "Where the facts presented are undisputed, whether they constitute a performance or a breach of a written contract is a question of law for the court."  This opinion was rendered in the case of N. Estrada, Inc. v. Terry, 293 S.W. 286 (Tex. Civ. App. Texarkana 1927).

Additionally, 32 Am. Jur 2d, Sec. 1028 "Whether an action is between citizens of different states, for diversity purposes, is a question of law to be determined by the trial

11

court and is controlled by the status of the parties at the time suit is begun (<u>Barrett v.</u>
<u>Covert</u> {Ed Pa} 354 F. Supp. 446)

Under New York law, every party to contract has affirmative obligation to use its
best efforts to meet contract's terms.  This case was <u>McNally Wellman Co., a Div. of</u>
<u>Boliden Allis, Inc. v. New York State Elec. & Gas Corp</u>. 63 F. 3d1188.  22 Am Jur 2d
Sec. 17 "The law presumes damage from a breach of a contract...."

Constitutional rights have been violated by defendants. Amendment XIV to the
U.S.Constitution, Sec. 1, speaks of the deprivation of the rights of a person, his life,
liberty or property.  Plaintiff suffers from mental anguish because she has to leave her
home and connect to the internet and use her floppy discs at the public library.  Amend-
ment IV "The right of the people to be secure in their persons, houses, papers, and
effects," the defendants have prevented plaintiff from working continuously on computer
as "Butter" pops up (an abnormal termination of the program). or the screen blackens
completely, some times for half an hour at a time.  Plaintiff has lost books and other
business documents because of these gross violations of her constitutional rights.

WHEREFORE, plaintiff prays the court for judgment against defendants as
follows:

(a) Discontinuance of lying "Your contract has expired," or "Your contract is
only for hardware."

(b) Enjoin defendants from committing any further acts in furtherance of this
nuisance—refusing to provide services in compliance with contract.

© Award plaintiff compensatory and incidental damages recovery for this
deliberate interference with her work, life and property in the sum of $50,000.

12

From November 2005 until November 2006 equals 365, and December 2006

until January 17, 2007 totals 48 days multiplied by $500 for every day that her

internet service has been disconnected constitutes a grand total of 413 days

and the amount due is $206,500.  Also, an additional $500 for each day that

her A drive has been inoperative, from June 2006 until January 17, 2007 a

total of 231 days, and the amount is $115,500. An additional $5,000 for each

time she called and was told "Your contract has expired." Plaintiff has been

told this at least five times, and this is a total of $25,000.  The sum payment,

not including incidental damages is $347,000.00

(d)    Award plaintiff the right to proceed in forma pauperis, the right to appeal,

together with such other relief, not necessarily limited to pecuniary relief, as

the Court may deem plaintiff entitled to receive.

Dated:  New York, N. Y.

January 17, 2007

JOSEPHINE DRAKEFORD
Plaintiff Pro Se
55 E. 99th St. #8D
New York, N. Y. 10029
Tel. No. 646-672-1995