# EXHIBIT B

Drakeford v. Dell Inc. and Kevin Rollins
Docket No. 07-CV-3490 (RMB) (DFE)

JUDGE MCCF 06 CV 14296

UNITED STATES SDISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSEPHINE DRAKEFORD,

Plaintiff,

- against –

DELL, INC.

Defendant.

----------------------------------------------------------X

COMPLAINT #2

"Jury Trial Demanded"

JOSEPHINE DRAKEFORD, plaintiff pro se, residing at 55 East 99th Street, New York 10029 complains of the defendant and alleges upon information and belief as follows:

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FIRST: That at all times hereinafter mentioned, the defendant was a corporation, DELL, located at 1 Dell Way, Round Rock, TX 78682-0001 (Mr. Kevin Rollins, CEO) doing computer sales throughout the United States and internationally.

SECOND: That on June 27th, 2006 at approximately 3:10 p. m. plaintiff telephoned Dell for technical support and was told that her contract expired in May 2006. Plaintiff gave the technician the contract number of a two-year contract which was purchased May 10, 2006, #293396877 (Exhibits A and B).

THIRD: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

FOURTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers

2006 OFFICE

from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Also, plaintiff seeks recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FIFTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "FOURTH" inclusive, with the same force and effect as though fully set forth at length herein Last month plaintiff called for technical support and was told that her contract expired in 2004. Thereupon plaintiff stated that it was not so and that every year she purchases a service contract for technical support. Every year when plaintiff calls for technical support she is told "Your contract has expired." This male technician stated "that was for the hardware." Plaintiff knew that her contract was for software.

This technician said that he would see to it that the contract, # 293396877, a two-year contract which was purchased May 10, 2006 would show up on the computer. Also, this information would be available whenever I called for support. This was not done.

SIXTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

SEVENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers

from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

EIGHTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST' through "SEVENTH" inclusive, with the same force and effect as though fully set forth at length herein. Since December 2005 Dell failed to provide internet service by causing Internet Explorer to disappear from plaintiff's computer.

NINTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

TENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

ELEVENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "TENTH" inclusive, with the same force and effect as though fully set forth at length herein. After the warranty period was over (computer was purchased in 2003), a service contract would be bought for technical support, and every service contract that plaintiff has ever purchased from Dell has been breached by them (CJ.S. #561). Plaintiff has always been told either "you need a service contract" or "your service contract has expired."

TWELFTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

THIRTEENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

FOURTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "THIRTEENTH" inclusive, with the same

force and effect as though fully set forth at length herein. As you can see from the additional exhibits, Dell has consistently breached every contract made with plaintiff (Exhibits C, D,E and F) The service contracts by Dell is nothing but a fraudulent and false representation, to induce consumers to hand over money and get no service. This is illustrated in the case of Baldridge v. Hadley C.A. 10 (N.M.) 1974, F.2d 859, certiorari denied 94 S.Ct. 2608, 417 U.S. 910, 41 L.Ed. 2d 214, rehearing denied 95 S. Ct. 159, 419 U.S. 886, 42 L.Ed. 2d 130: "Generally, fraud consists of some deceitful practice or willful device resorted to for purpose of inducing another, in reliance on it, to surrender money, property, or legal rights; it connotes perjury, falsification, concealment and misrepresentation."

FIFTEENTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

SIXTEENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish, as well as harassment because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE
PLAINTIFF, JOSEPHINE DRAKEFORD

SEVENTEENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST" through "SIXTEENTH" inclusive, with the same force

and effect as though fully set forth at length herein. On Monday, June 276th, 2006 a Dell representative Aaron Hamlet (1-800-624-9896 ext. 7242918) spent two hours on the phone trying to get me connected to the internet after Dell did not provide me with service for six months. Today, even after calling him at 10:30 a.m. Tuesday, June 27th, 2006, I did not hear from him until 6 p.m. This time was not convenient and plaintiff was mentally exhausted from disputing with other agents of defendant a few hours prior. It seems strange that a computer giant, as defendant is, is unable to provide computer service in less than an hour.

EIGHTEENTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

NINETEENTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTIETH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST' through "NINETEENTH" inclusive, with the same force

and effect as though fully set forth at length herein. Plaintiff is suffering damages because of being physically and emotionally drained from calling Dell repeatedly and getting no results. By not being connected to the internet, plaintiff is harassed by a Symantec pop-up which slows down her typing on the computer. This pop-up would not exist at all if plaintiff had been connected to the internet.

TWENTY-FIRST: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

TWENTY-SECOND: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-FOURTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST' through "TWENTY- SECOND" inclusive, with the same force and effect as though fully set forth at length herein that because of the lack of internet service, the Symantec pop-up constantly slowed down the typing that plaintiff had to do. Many times plaintiff faced deadlines and had to type continuously. All the time that plaintiff is typing this Symantec pop-up appears. She has to stop typing and try to close this pop-up. This is a great annoyance and interference.

TWENTY-FIFTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

TWENTY-SIXTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, JOSEPHINE DRAKEFORD

TWENTY-SEVENTH: The plaintiff repeats and reiterates all the allegations contained in paragraphs numbered "FIRST' through "TWENTY-SIXTH inclusive, with the same force and effect as though fully set forth at length herein. Pursuant to Sec. 1001 USCA, plaintiff seeks relief from this campaign of fraud, falsification, deceit, scheming to defraud and harassment. Defendant DELL, INC. violated plaintiff's right to be free of defrauding, harassment and preferential treatment. USCA, Sec. 202 well describes the activities of Defendant DELL, INC.: "(a) Charges, **services**, etc. It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular

person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

TWENTY-EIGHTH: That by reason of the above-stated facts, the defendant, its agents, servants and employees are liable to the plaintiff in strict tort.

TWENTY-NINTH: That as a result of the aforesaid, the plaintiff suffered damages because of defective services and a failure to provide adequate service. Plaintiff suffers from mental anguish because she has to leave her home and connect to the internet through the public library. Plaintiff seeks recovery for this mistreatment in the sum of $100 for every day that her internet service was disconnected. Plaintiff also seeks recovery in the recovery in the amount of $5,000 for each time she called and was told "Your contract has expired."

Additionally, the United States District Court has jurisdiction because of the violation of federal laws; federal questions having been raised.

WHEREFORE, plaintiff prays the court for judgment against defendant as follows:

(a) Discontinuance of lying "Your contract has expired ', or "Your contract is only for hardware."

(b) Enjoin defendant from committing any further acts in furtherance of this nuisance—refusing to provide service.

(c) Award plaintiff compensatory and incidental damages; $100 a day for each day she could not access the internet, and $5,000 for each time she was told "Your contract has expired" (approximately $39,600.00) The computation is thus: December 2005-June 2006 = 196 days x $100 =

$19,600 and 4 times this year (not including prior years) x $5,000 = $20,000.

(d) Award plaintiff the right to proceed in forma pauperis, the right to appeal, together with such other relief, not necessarily limited to pecuniary relief, as the Court may deem plaintiff entitled to receive.

Dated: New York, N. Y.

June 27, 2006

JOSEPHINE DRAKEFORD
Plaintiff Pro Se
55 E. 99th St. #8D
New York, N. Y. 10029
Tel #646-672-1995