# EXHIBIT C

Drakeford v. Dell Inc. and Kevin Rollins
Docket No. 07-CV-3490 (RMB) (DFE)

06 C 14396

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JUDGE WOOD

JOSEPHINE DRAKEFORD,

        Plaintiff,

  -against-

DELL, INC.,

        Defendant.
------------------------------------------------------------X

CIVIL JUDGMENT  #4

    Pursuant to the order issued _____DEC 1 3 2008_____ by the Honorable Kimba M. Wood, Chief Judge, dismissing this action without prejudice, it is,

    ORDERED, ADJUDGED AND DECREED: That this action is hereby dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's order would not be taken in good faith.

                                      /s/ Kimba M. Wood
                                      KIMBA M. WOOD
                                      Chief Judge

Dated:  DEC 1 3 2008

       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSEPHINE DRAKEFORD,

           Plaintiff,

  -against-

DELL, INC.,

           Defendant.
------------------------------------------------------------X

06 JV 14396

ORDER OF DISMISSAL

Plaintiff, appearing *pro se*, brings a complaint seeking monetary damages totaling approximately $59,600.00 and injunctive relief.[1] (Comp. at 9-10). Granting Plaintiff's *pro se* complaint the liberal interpretation which it is due, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (*pro se* complaints must be "read liberally and should be interpreted 'to raise the strongest arguments that they suggest'") (citation omitted), it appears that Plaintiff's claims arise out of Plaintiff's alleged purchase of a service contract from Defendant with regard to her computer, and Defendant's allege failures to recognize that contract and perform alleged contractual duties. Plaintiff's request to proceed *in forma pauperis* is granted. For the following reasons, however, Plaintiff's complaint is dismissed without prejudice.

### DISCUSSION

<u>Subject Matter Jurisdiction</u>

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only

---

[1] The Court's *Pro Se* Office received Plaintiff's complaint on July 5, 2006.

1

when a "federal question" is presented or when Plaintiff and Defendant are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00. See 28 U.S.C. §§ 1331, 1332. A party seeking relief in this Court must at least plead facts which bring the suit within this Court's subject matter jurisdiction. See Fed. R. Civ. P. 8(a)(1). Failure to plead such facts warrants dismissal of the action. Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h) when stating that courts may dismiss cases *sua sponte* for lack of subject matter jurisdiction).

A. Federal Question

In order to invoke federal question subject matter jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). Despite granting Plaintiff's *pro se* complaint the liberal interpretation which it is due, see Haines, 404 U.S. at 520-21; Graham, 89 F.3d at 79 (2d Cir. 1996), Plaintiff has failed to allege facts demonstrating that her claims arise under the Court's federal question subject matter jurisdiction. Thus, to the extent Plaintiff raises claims under the Court's federal question subject matter jurisdiction, such claims are dismissed. See § 1331; Fed. R. Civ. P. 12(h)(3).

B. Diversity

In addition, with respect to the Court's diversity subject matter jurisdiction, "[a] case falls

2

within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998) (italics in original). Also, "the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy[,]" Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994) (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)), an amount that exceeds the sum or value of $75,000.00. § 1332(a).

Plaintiff alleges that she resides in New York and that Defendant is a corporation located in Texas. (Compl. at 1). Plaintiff, however, has failed to establish "the existence of the jurisdictional amount in controversy[,]" id., that is, an amount that exceeds the sum or value of $75,000.00. See § 1332(a). Plaintiff alleges in her complaint that, at the most, Defendant is liable to her for approximately $59,600.00, which is well below the abovementioned jurisdictional amount. Thus, to the extent Plaintiff raises claims under the Court's diversity subject matter jurisdiction, such claims are dismissed. See Fed. R. Civ. P. 12(h)(3).

CONCLUSION

Accordingly, Plaintiff's action is dismissed without prejudice as the Court lacks subject matter over such claims. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: DEC 1 3 2006
New York, New York

_____
KIMBA M. WOOD
Chief Judge

3