UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE DRAKEFORD,

    Plaintiff,

v.

KEVIN ROLLINS and DELL, INC.

    Defendants.

**AFFIDAVIT IN SUPPORT DEFENDANTS' MOTION TO DISMISS**

Docket No.: 07-CV-3490 (RMB)(DFE)

ANGE KOGUTZ, being duly sworn, deposes and says as follows:

1. I am currently employed by defendant Dell Inc. ("Dell"), a Delaware corporation with its headquarters in Round Rock, Texas, as a Resolution Specialist in its Consumer Resolution Center.

2. At all times relevant to the matters alleged in the Complaint, I have been a Resolution Specialist for Dell. In that capacity, I am fully familiar with virtually all aspects of Dell's consumer sales transaction process, including Dell's order management system, Dell's customer service and technical support call log system, and the terms and conditions included in Dell's various consumer sales contracts, warranties, and service contracts. In particular, I have reviewed Dell's records relating to Ms. Drakeford's purchase history and interaction with technical support, as well as the terms and conditions of sale, warranties, and service contracts applicable to Ms. Drakeford's purchases. As such, I am generally familiar with the facts and circumstances giving rise to this lawsuit and Dell's defenses to these claims.

3. I submit this affidavit on behalf of Dell in support of its Motion to Dismiss this action commenced by Josephine Drakeford ("Plaintiff"). My review of the applicable Dell records indicates the following:

4. On or about May 6, 2003, Plaintiff purchased a Dell Dimension computer in the amount of $988.78.

5. Approximately eight months later, on January 9, 2004, Plaintiff purchased an extended service contract for her computer in the amount of $149.00. The term of this extended service contract expired on May 5, 2006.

6. The total amount of money involved in these transactions is $1,137.78.

7. In fact, the total amount of money that Plaintiff has ever paid to Dell is $1346.35.

8. Like all consumer transactions at Dell, Ms. Drakeford's computer purchase is subject to the contractual provisions detailed in Dell's "Terms and Conditions of Sale" document, a copy of which is attached hereto as **Exhibit D**. Notably, Dell's liability to Plaintiff, if any, is expressly limited at paragraph 12 of the Terms and Conditions of Sale to "THE AGGREGATE DOLLAR AMOUNT PAID BY CUSTOMER FOR THE PURCHASE OF THE PRODUCTS OR SERVICES." Further, the Terms and Conditions of Sale expressly provide that "DELL DOES NOT ACCEPT LIABILITY BEYOND THE REMEDIES SETFORTH HEREIN, INCLUDING LIABILITY FOR PRODUCTS NOT BEING AVAILABLE FOR USE OR FOR LOST OR CORRUPTED DATE OR SOFTWARE, OR THE PROVISION OF SERVICES AND SUPPORT. DELL WILL NOT BE LIABLE FOR LOST PROFITS LOSS OF BUSINESS OR OTHER CONSEQUENTIAL, SPECIAL, INDIRECT, OR PUNITIVE DAMAGES . . . CUSTOMER AGREES THAT . . . DELL IS NOT LIABLE OR RESPONSIBLE FOR ANY AMOUNT OF DAMAGES ABOVE THE AGGREGATE DOLLAR AMOUNT PAID BY CUSTOMER FOR THE PURCHASE OF THE PRODUCTS OR SERVICES UNDER THIS AGREEMENT."

9. Ms. Drakeford's purchase is also subject to the terms of the "Dell Limited Warranty," a copy of which is attached hereto as **Exhibit E**.  Like the Terms and Conditions of Sale, the applicable Warranty expressly limits Dell's potential liability to Plaintiff to "NO MORE THAN THE AMOUNT YOU [CUSTOMER] PAID FOR THE PRODUCT THAT IS THE SUBJECT OF A CLAIM." Exhibit E at pp. 2-3, 5-6.

10. Finally, Dell's technical support obligations to Ms. Drakeford are governed by the express terms and conditions set forth in the applicable Service Contract with Banc Tec, Inc., a separate corporation that services Dell computers, a copy of which is attached hereto as **Exhibit F**.  The terms of the service contract expressly provide "YOUR EXCLUSIVE REMEDY AND BANCTEC'S ENTIRE COLLECTIVE LIABILITY IN CONTRACT, TORT OR OTHERWISE UNDER THIS AGREEMENT IS THE REPAIR OF THE DEFECTIVE SYSTEM OR COMPONENTS IN ACCORDANCE WITH THIS AGREEMENT. IF BANCTEC IS UNABLE TO MAKE SUCH REPAIR, YOUR EXCLUSIVE REMEDY AND BANCTEC'S ENTIRE LIABILITY WILL BE THE PAYMENT OF THE ACTUAL DAMAGES NOT TO EXCEED THE CHARGE PAID BY YOU. . . UNDER NO CIRCUMSTANCES WILL BANCTEC BE LIABLE TO YOU . . . FOR ANY DAMAGES, INCLUDING, WITHOUT LIMITATION, ANY INDIRECT, INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, EXPENSES, COSTS, PROFITS, LOST SAVINGS OR EARNINGS, LOST OR CORRUPTED DATA OR OTHER LIABILITY ARISING OUT OR RELATED TO THIS AGREEMENT." Exhibit F at p. 5.

11. I have investigated Ms. Drakeford's claim to have purchased a second service contract on March 10, 2005 for $259.00.  My investigation revealed that the referenced contract was not purchased by Ms. Drakeford, but by her son, Quintin.

For the reasons set forth in herein and in the accompanying memorandum of law, we respectfully request that the action against Dell be dismissed accordingly because there is no federal question presented and the amount in controversy does not exceed $1,137.78.

_____
ANGE KOGUTZ

Sworn to before me this
____ day of September, 2007

_____
Notary Public

SUSAN PARSONS
MY COMMISSION EXPIRES
March 20, 2010