```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-7-08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPHINE DRAKEFORD,

                Plaintiff,

        -against-

KEVIN ROLLINS and DELL, INC.

                Defendants.
------------------------------------------------------------X

07 Civ. 3490 (RMB)

**ORDER**

**I.    Background**

On or about January 18, 2007, Josephine Drakeford ("Plaintiff"), proceeding pro se, filed a complaint ("Complaint" or "Compl.") against Kevin Rollins, former Chief Executive Officer of Dell Inc., and Dell Inc. (together, "Defendants"), alleging, among other things, that Defendants "have continued to refuse to repair the software damage in the computer [that Plaintiff purchased from Dell,] the inability to connect to the internet, the loss of the A drive in the computer, and a pop-up 'Butter' which performs an abnormal program termination . . . in breach of a two-year service contract purchased March 10, 2005." (Compl. at 1–2.) Plaintiff further alleges that she "suffers from mental anguish because she has to leave her home and connect to the internet and use her floppy discs at the public library." (Compl. at 2.)[1]

Plaintiff is seeking more than $347,000 in damages: "compensatory and incidental damages recovery for . . . deliberate interference with her work, life and property in the sum of

---

[1] The claims in this case are nearly identical to those that Plaintiff asserted in a complaint, dated June 27, 2006, in Drakeford v. Dell, Inc., No. 06 Civ. 14396 (KMW). By order, dated December 13, 2006, Chief Judge Kimba M. Wood dismissed Plaintiff's complaint in Drakeford v. Dell for lack of subject matter jurisdiction. See Order of Dismissal, dated Dec. 13, 2006, at 3 ("Plaintiff's action is dismissed without prejudice as the Court lacks subject matter [jurisdiction] over such claims. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith." (citations omitted)).

$50,000, . . . $500 for every day that her internet service has been disconnected, . . . an additional $500 for each day that her A drive has been inoperative, . . . [and] $5,000 for each time she called and was told 'Your contract has expired.'" (Compl. at 12–13.)

On or about September 28, 2007, Defendants filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, arguing, among other reasons, that "[n]o federal question whatsoever is implicated, and Plaintiff's damages are . . . limited to the amount [P]laintiff remitted to Dell for her purchase." (Defs. Mem. of Law in Supp. of Mot. to Dismiss, dated Sept. 28, 2007, ("Defs. Mem.") at 1–2.)[2]

On or about October 22, 2007, Plaintiff filed an opposition brief arguing, among other things, that "[a] federal question case has arisen because there has been a violation of federal laws," and "there is no doubt that damages [sought] should be recovered." (Pl. Mem. of Law in Opp'n of Mot. to Dismiss, dated Oct. 22, 2007, ("Pl. Mem.") at 3, 30.)[3]

On or about November 1, 2007, Defendants filed a reply memorandum.

**For the reasons stated below, Defendants' motion to dismiss is granted.**

II. **Legal Standard**

When considering a motion to dismiss, the court "must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). However, "[a] case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) [of the Federal Rules of Civil Procedure] when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v.

---

[2] Defendants also submitted an undated declaration (with exhibits) from its counsel, Bryan F. Lewis, and an affidavit (with exhibits) from Ange Kogutz, a Dell Resolution Specialists in Dell's Consumer Resolution Center, dated September 26, 2007 ("Ange Aff.").

[3] Plaintiff also submitted an affirmation (with exhibits), dated October 19, 2007.

United States, 201 F.3d 110, 113 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3) ("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). On a motion to dismiss under Rule 12(b)(1), a court may refer to evidence outside of the pleadings, such as affidavits and documentary exhibits. See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (citing Cargill Int'l S.A. v. M/T Pavel Dybenko, 991 F.2d 1012, 1019 (2d Cir. 1993)).

The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994).

Where, as here, the plaintiff is proceeding pro se, district courts read the plaintiff's pleadings "liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. Analysis

**Federal Question Jurisdiction**

Defendants argue, among other things, that Plaintiff's "allegations support little more than a state law breach of contract claim," and does not "present a federal question to the Court." (Defs. Mem. at 12.) Among other things, Plaintiff argues (erroneously) that "[t]his contract is interstate," and "[c]ontracts of this sort have federal subject matter jurisdiction." (Pl. Mem. at 5.)

To invoke federal question subject matter jurisdiction, Plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Despite granting Plaintiff's pro se [C]omplaint the liberal interpretation which it is due . . . Plaintiff has failed to allege facts demonstrating that her claims arise under the Court's federal question subject matter jurisdiction." Drakeford v. Dell, Inc., No. 06 Civ. 14396, Order of Dismissal at 2

(S.D.N.Y. Dec. 13, 2006) (citing 28 U.S.C. § 1331; Fed. R. Civ. P. 12(h)(3)).  The Court agrees with Defendants that Plaintiff's claims sound in breach of contract, normally a state cause of action.

### Diversity Jurisdiction

Defendants argue, among other things, that "while diversity of citizenship exists between the parties, no reading of the Complaint will permit [Plaintiff] to establish by a reasonable probability that her claims exceed $75,000.00 because . . . damages are capped by the express contractual terms that govern [Plaintiff's] relationship with Dell, and . . . [Plaintiff's] damages calculations are patently illogical, unsupportable, and without basis in law or fact." (Defs. Mem. at 13.)  Among other things, Plaintiff argues that Defendants "must be presumed to be aware of the necessary consequences of [their] conduct, and therefore cannot be taken by surprise in the proof of general damages." (Pl. Mem. at 31.)

Under Texas law, which governs this dispute, "[t]he proper measure of recovery for a breach . . . is the loss or damage actually sustained.  The proper measure of recovery has also been stated as the amount that the injured party would have to expend to make himself whole." Valley Nissan, Inc. v. Davilla, 133 S.W.3d 702, 713–14 (Tex. App. 2003) (citations omitted).  Dell's contract with Plaintiff states, in pertinent part, that "DELL IS NOT LIABLE OR RESPONSIBLE FOR ANY AMOUNT OF DAMAGES ABOVE THE AGGREGATE DOLLAR AMOUNT PAID BY CUSTOMER FOR THE PURCHASE OF THE PRODUCTS OR SERVICES UNDER THIS AGREEMENT," or $1,137.78.  (Kogutz Aff., Ex. D ("Terms and Conditions of Sale") ¶ 12; Kogutz Aff. ¶ 6.)

And, even if Plaintiff could under some theory recover damages in excess of the value of the contract, Plaintiff's "conclusory prediction" as to the amount of damages that Plaintiff

claims ($347,000) is "insufficient to carry its burden of establishing by a preponderance of evidence the amount in controversy." See Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1428 (2d Cir. 1997) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 304–05 (2d Cir. 1994) (emphasis removed).

IV.  **Conclusion and Order**

For the reasons stated herein, Defendants' motion to dismiss [Dkt. Nos. 9 & 11] is granted. The Complaint is dismissed in its entirety and the Clerk is respectfully requested to close the case.

Dated: New York, New York
       March 7, 2008

_____RMB_____
RICHARD M. BERMAN, U.S.D.J.